UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIE A. HIBBLER, et al.                                                                              PLAINTIFFS

v.                                                                       CIVIL ACTION NO. 3:15cv553-DPJ-FKB

PENSKE TRUCK LEASING CO., L.P., et al.                                               DEFENDANTS

ORDER

This personal-injury case is before the Court on the Motion for Summary Judgment [15] filed by Defendants Penske Truck Leasing Co., L.P., and Penske Truck Leasing Corporation (collectively "Penske"). Also pending is Plaintiff Willie A. Hibbler's motion under Federal Rule of Civil Procedure Rule 56(d) seeking discovery [20]. Having fully considered the premises, the Court finds that the motion for discovery should be granted in part and that the summary-judgment motion should be denied without prejudice.

I.      Background

On October 2, 2014, Heidi Holliday rented a truck from Penske. The rental agreement listed James Winegardner as an additional driver, and indeed he was behind the wheel of the truck the following day when it collided with an automobile in which Hibbler was a passenger. Hibbler, a minor, sued Holliday, Winegardner, and Penske through his mother Gloria Henderson, and the case was removed to this Court on July 31, 2015. On October 14, 2015, the magistrate judge entered the Case-Management Order [10] and set the discovery deadline for May 3, 2016. Both Holliday and Winegardner settled and were dismissed January 21, 2016. Shortly thereafter, on January 29, Penske moved for summary judgment [15]. No discovery had yet occurred, and more than three months remained in the discovery period, so Hibbler filed a Rule 56(d) motion

1

[20] seeking discovery.  He also responded [21] to the summary-judgment motion.  Penske opposes the request for discovery.

II.   Standard

Although a party may seek summary judgment at any time, Rule 56(d) provides a safe harbor for nonmovants who can demonstrate that discovery is necessary to produce affidavits or other evidence in compliance with Rule 56(c).  "Such motions are broadly favored and should be liberally granted."  *Culwell v. City of Fort Worth*, 468 F.3d 868, 871 (5th Cir. 2006).

To obtain relief, the party seeking a Rule 56(d) continuance "must present specific facts explaining his inability to make a substantive response as required by Rule 56[(c)] and [] specifically demonstrating how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact."  *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1285 (5th Cir. 1990) (citation and internal quotation marks omitted).  While "[i]t is clear that the non-moving party may not rely merely on vague assertions that discovery will produce some unrelated, unspecified facts[,] . . . when a party is seeking discovery that is germane to the pending summary judgment motion it is inequitable to pull out the rug from under them by denying such discovery."  *Wichita Falls Office Assocs. v. Banc One Corp.*, 978 F.2d 915, 920 (5th Cir. 1992) (citation omitted).  Finally, when a party makes a requisite showing under Rule 56(d), the Court may defer ruling, deny the motion, allow time for discovery, or "issue any other appropriate order."  Fed. R. Civ. P. 56(d)(1)–(3).

III.     Analysis

Hibbler generally alleges in his Amended Complaint that Penske is liable for the accident because:  (1) Winegardner was its employee acting within the course and scope of employment; and (2) Penske negligently entrusted the vehicle to Holliday and Winegardner.  *See* Am. Compl. [1-2] ¶ 17.  Penske contends, however, that summary judgment is proper because:  (1) Winegardner was not its employee; (2) The Graves Amendment, 49 U.S.C. § 30106, preempts claims against rental companies based on mere ownership of a rental vehicle involved in an accident; and (3) there is no evidence of negligent entrustment.  *See generally* Def.'s Mem. [16].

Hibbler has not refuted the preemption argument, and it is not apparent that he asserted such liability in his Amended Complaint.  So the focus is on Penske's first and third arguments, both of which it supported with affidavits from Holliday and Winegardner.  In general, Winegardner denies ever being a Penske employee or having any prior accidents or impairments that would prevent a reasonable person from entrusting a vehicle to him.  *See generally* Winegardner Aff. [16-1].  Holliday briefly discusses the rental process and likewise denies that she or Winegardner were a risk.  Holliday Aff. [16-2].

Hibbler cannot yet rebut these factual assertions and therefore seeks discovery under Rule 56(d).  In a sworn declaration, Hibbler's counsel identifies the discovery he wishes to conduct, all of which relates to his agency and negligent-entrustment theories:

> 9.      Plaintiffs have not had the opportunity to conduct any discovery regarding the issue of the employment status of Mr. Winegardner.
>
> 10.     Plaintiffs desire to conduct discovery to fully ascertain the Defendants' policies and procedures.
>
> 11.     Plaintiffs also require document discovery and depositions from Defendants' employees that conducted the rental transaction for Mrs. Holliday.

> 12. Plaintiffs also would like to depose and cross examine each affiant of the defendants to test the strength of their affidavits.

Moore Decl. [21-1] ¶¶ 9–12.

Penske points out that Hibbler does not precisely explain why he wants this discovery or how it may create a genuine disputed fact. But Hibbler also filed a response [21] in opposition to summary judgment, which sheds some light on his Rule 56(d) motion. To begin, he maintains that despite Winegardner's sworn affidavit to the contrary, he still has reason to believe "Winegardner was employed with Defendant Penske" and was acting within the course and scope of his employment at the time of the accident. *See* Am. Compl. [1-2] ¶ 16(f); Pl.'s Resp. [21] at 3. Hibbler presumably has some basis for these contentions, and if true, they would defeat Penske's motion. The Court concludes that Hibbler is entitled to discovery regarding Winegardner's employment status and need not rely on affidavits produced by the Defendant—especially when the summary-judgment motion was filed during the discovery period.

Regarding negligent entrustment, Hibbler observes that Mississippi recognizes a negligent-entrustment theory "when the owner of an automobile entrusts it to one whom he knows, or in the exercise of ordinary care ought to know, is a careless and reckless driver." Pl.'s Resp. [21] at 5 (quoting *Dixie Drive It Yourself Sys. Jackson Co. v. Matthews*, 54 So. 2d 263, 266 (Miss. 1951)). If Winegardner had any such issues that Penske's policies failed to detect, it might lead to the discovery of admissible evidence showing negligent entrustment. Again, considerable time remained in the discovery period when Penske moved for summary judgment, and the Court does not believe Hibbler should be required to merely accept the evidence Penske

generated.  Accordingly, Hibbler may seek discovery related to whether Winegardner was a "careless or reckless driver."  *Id.*

Regarding the desire to depose each affiant, Hibbler may depose Winegardner for the reasons stated.  As to Holliday, Hibbler argues that Penske's evidence fails to include her driving history, which might reveal a reason why entrusting her with the vehicle was negligent.  But Hibbler has not explained how this would create a dispute of material fact given his averment that Holliday was not the driver.  As Penske argued in both its opposition to Rule 56(d) relief and its summary-judgment reply, entrusting the vehicle to Holliday was not the proximate cause of the accident.  Hibbler filed no reply in support of his Rule 56(d) motion and therefore offered no rebuttal to this argument.  And absent a viable theory on proximate causation, Hibbler has not "specifically demonstrat[ed] how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact."  *Washington*, 901 F.2d at 1285.  Accordingly, Hibbler has not sufficiently supported his request to depose Holliday regarding her driving history.

Finally, Hibbler seeks discovery regarding Penske's rental policies—and this precise transaction—as they relate to the negligent-entrustment theory.  While the Court at this stage has accepted Hibbler's representations regarding Winegardner and assumes he has some factual basis for them, it seems prudent and in each party's best interest to take things one step at a time, starting with Winegardner.  If Plaintiff fails to show that Winegardner was a Penske employee acting within the course and scope of his employment or that there was reason to believe he was a careless or reckless driver, then the remaining discovery could be unnecessary.  In other words,

absent any issues with Winegardner, Hibbler would have to better explain how discovery regarding Penske's rental policies could help demonstrate proximate causation.

III.     Conclusion

For the foregoing reasons, Plaintiff is given 45 days from the date of this Order to conduct discovery regarding Winegardner's employment status and issues related to whether he would be considered a careless and reckless driver.  The parties shall then set a telephonic conference with the Court to determine whether any additional discovery is warranted.

Finally, if Plaintiff goes forward with the requested discovery, Penske would no doubt wish to supplement its original motion to address any new evidence, and Hibbler would want to respond.  It would therefore be cleaner to simply deny the Motion for Summary Judgment [15] without prejudice under Rule 56(d)(1) and give both sides an opportunity to address the issues on a complete record.

IT IS, THEREFORE, ORDERED that Plaintiff's Rule 56(d) motion for discovery [20] is granted in part and Defendants' Rule 56(a) motion for summary judgment [15] is denied without prejudice to refiling.

**SO ORDERED AND ADJUDGED** this the 21st day of April, 2016.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE